IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PKM STEEL SERVICE, INC.,

          Plaintiff,

vs.

          Case No. 04-1299-JTM

STEEL SERVICE CORPORATION, et al.,

          Defendants.

MEMORANDUM AND ORDER

Defendant Steel Service Corporation has moved for an award of attorney fees and expenses. (Dkt. Nos. 179, 194 ).  These motions are granted as provided herein.  Plaintiff PKM Steel Service has moved for a new trial under Fed.R.Civ.Pr 59.  (Dkt. No. 177)  The court finds that the plaintiff is not entitled to the relief sought, either under Rule 59(a) or 59(e).

A motion for new trial under Rule 59(a) should "only be granted with great caution." *McDonough Power Equip. Co., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).  The court resolves such motions only by viewing the facts in the light most favorable to the prevailing party.  *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).  The court grants the requested relief only if the record demonstrates prejudicial error or the failure to provide substantial justice. *Johnson v. Colt Indus. Operating Corp*., 609 F. Supp. 776, 779 (D. Kan. 1985).

A motion seeking a new trial pursuant to Rule 59(e) should demonstrate the existence of manifest errors of law or provide new evidence which was not previously available.  Such a motion

is  appropriate only if the court has misapprehended the facts, the position of the parties, or the controlling law. *Sprint Spectrum, L.P.*, 2006 U.S. Dist. LEXIS 48571, at 7 (D. Kan. 2006).  It is not appropriate as a means of revisiting issues already decided, or as a means to advance new arguments which might have been, but were not, advanced earlier.  *Id. See Servants of Paraclete v. Doe*, 2004 F.3d 1005, 1012 (10th Cir. 2000).

PKM fails to meet these standards because its motion largely attempts to repeat earlier arguments or to present new arguments which were not previously advanced.  Viewed in the light most favorable to defendant Steel Service, the evidence supports the determination of the court and no error exists.

PKM first suggests the court erred in concluding that PKM failed to provide certain "labor records" when it in fact provided documentation to support its Change Order.  This is not correct.  While PKM did provide *summaries* of its original labor records, it did not provide the original records themselves.  Given the relevance and importance of those records in the context of the dispute between the parties, the continued absence of the original records is a substantial matter which the court finds probative.  PKM has failed to show either manifest injustice or prejudicial error stemming from the court's noting of the failure to provide the original labor records.

PKM also states that it was not responsible for the delays in the construction project, grounding its argument on the testimony of Jeremy Ingram.  But Ingram is admittedly not an expert in steel erection and the court finds his testimony carries little weight.  Substantial evidence was introduced at trial to support the conclusion that the delays in the construction were caused by PKM, and were not caused by the erector Bosworth or any other entity.

PKM also argues that its delay should not be measured from September 26, 2003, as in the court's findings, but from October 2, 2003. The court finds this is insufficient to justify the relief sought. Even aside from the fact that PKM did not previously advance this argument, there remains substantial evidence in the trial record to support the court's conclusions as to the nature of PKM's delays. That evidence shows that PKM's deliveries were already late in September, pursuant to the September 2, 2003 Verification of Delivery Dates. (Exh. 435). Steel Service's contractor had begun to threaten to shut the project down due to deficiencies in the delivered steel in September, and the court finds that substantial evidence exists to permit the conclusion that PKM failed to provide timely delivery beginning in September of 2003, and that the resulting changes, delays, and modifications in the project were driven by PKM's earlier, continuing, and unjustified failure to meet its agreed deliveries.

PKM argues that it should not be liable for the $180,500 which reflects the settlement of the claim by the erector Bosworth. The court finds substantial evidence to support the conclusion that this sum represents a reasonable settlement of the Bosworth claim, and that PKM is liable for that amount. Viewed in a light most favorable to Steel Service, the testimonies of John Bosworth, Jim Simonson, Ray Vinson, and Mark Aurand support the conclusion that the settlement amount was reasonable under the circumstances of the case.

PKM contends that it should not be responsible for the full amount of the Bosworth settlement, and that the court incorrectly assessed overtime charges from Bosworth against PKM. The court finds that no relief should be granted. Prior to or during trial, PKM did not argue that responsibility for the Bosworth settlement should somehow be apportioned among the parties; rather, the issue was solely the reasonableness of the charge and whether PKM was liable for it. The

3

argument may not be advanced now.  With respect to the Bosworth overtime charges, the court finds that there is substantial evidence in the record supporting the conclusion that all such charges assessed were the product of delays or deficiencies in the performance of PKM.  Accordingly, the court will deny PKM's motion for a new trial.

Steel Service seeks attorney fees in the amount of $406,447.68 ($327,153.75 for attorneys charges, including work by paralegal services and law clerks, and $79,293.93 in expenses.)  In addition, Steel Service has sought a further $25, 361.25 in fees and $228.76 in expenses as the cost of pursuing recovery of its attorney fees.  Although the claim is substantial, both in an absolute sense and in relation to the amount actually recovered at trial by Steel Service, the court finds that the amount requested is nonetheless reasonable and has no hesitation in concluding that the requested amount may be correctly charged to the plaintiff.

Attorney fees may be awarded in the present action pursuant to the Purchase Order (Exh. 430), which provided for such fees to be awarded to the prevailing party in any dispute arising from the contract.  Mississippi law governs the interpretation of the Purchase Order, and that law provides that such agreements requiring payments of reasonable attorney fees are enforceable.  *Trilogy Communications, Inc. v. Thomas Truck Lease, Inc.*, 7690 So.2 881, 887 (Miss. App. 2001).

"[W]hat is controlling is what is reasonable." *Mauck v. Columbus Hotel*, 741 So.2d 259, 271 (Miss. 1999).  *In BellSouth Personal Communications, LLC v. Board of Supervisors of Hinds County*, 912 So.2d 436, 444-45 (Miss. 2005), the Mississippi Supreme Court observed:

> The reasonableness of attorney's fees is governed by Rule 1.5(a) of the Mississippi Rules of Professional Conduct and these guidelines are unambiguous. Rule 1.5(a) clearly requires that:

> A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Miss. Rules of Professional Conduct 1.5(a). These factors are also known as the *McKee* factors as they were laid out for the first time by this Court in *McKee v. McKee*, 418 So.2d 764, 767 (Miss.1982).

In *Mauck*, the court noted that the factors identified as relevant under state law were essentially the same as the lodestar analysis adopted by the United States Supreme Court in *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also In Re Estate of Gillies*, 830 So.2d 640 (Miss.2002).

The present action reflects the lengthy civil litigation spawned by complex disputes arising from a substantial construction project. Defendant Steel Services faced large claims for damages not only from the plaintiff PKM, but also by the contractor Law (seeking $1,193,040) and the steel erector Bosworth (seeking $823,891.47). The parties engaged in substantial pretrial discovery and attempts at mediation. The discovery produced a very large body of documentary evidence which was introduced at trial. Prior to trial, the claims involving Law and Bosworth were settled. Accordingly, the court finds that the present matter presented a complex legal action, requiring heavy expenditure of time and labor. The fee charged herein is not atypical for similar work which might be charged by other counsel of similar capability and experience. The amounts at issue were very substantial, and Steel Service's counsel obtained a favorable result for its client. Counsel performed

5

ably and diligently in achieving these ends.  The fee award is therefore reasonable both as an initial matter, reflecting a reasonable hourly rate for reasonable hours expended, but is also reasonable in light of all of the circumstances of the case and the *McKee* factors under Mississippi law.

Although some of the fees within the award could hypothetically be apportioned to counsel's responding to the claims of other parties, the court finds that such a result is not justified in light of the very broad language of the agreement between the parties.  That agreement provides that the prevailing party be compensated for its fees and expenses which it incurs "in connection with ... any dispute arising out of or relating to" the contract.  (Exh. 430). This is very broad language, and the court believes that as a result Steel Service is entitled to recover for fees which generally originated in the dispute over the performance of the steel truss delivery contract.  *See Blue Bird Body Co. v. Ryder Truck Rental*, 583 F.2d 717, 726 (5th Cir. 1979) (applying Miss. law to "arising out of" language).

That dispute ultimately involved multiple parties seeking redress against Steel Service, all predicated on delays and damages which the court following trial found were ultimately the responsibility of PKM, and the court finds no basis for limiting PKM's responsibility, in light of the broad language agreed to by PKM.  Steel Service is the prevailing party herein.  Steel Service reasonably and appropriately expended attorney fees in responding to claims "arising from" the contractual dispute.  These expenses included attempting to protect Steel Service from PKM's claims, as well as seeking mediation and seeking to defend PKM's actions against the sureties.

PKM responds to Steel Service's motion for supplemental fees to recover for the expense of litigating the issue of attorney fees by arguing that Steel Services's underlying motion for fees is unreasonably inflated, and that the case cited by Steel Service as authorizing such recovery, *Brown*

*v. Ascent Assurance, Inc.*, 191 F.Supp.2d 729, 734 (N.D. Miss. 2002) is actually grounded on a federal statute permitting such recovery.  As noted above, the court finds that Steel Service's fee request is reasonable, does not reflect charges which are inflated or inappropriate, but reflect reasonable and necessary expenses incurred by counsel for protecting its client from the consequences of PKM's breach.  Although *Brown* was decided pursuant to 28 U.S.C. § 1447(c) (providing for an award of fees for actions improperly removed), the court finds no basis for concluding that a party — which is otherwise entitled to recover attorney fees and expenses — is not entitled to recover also the reasonable costs of presenting and defending such a fee request. PKM provides no authority that such costs and expenses should fall outside the general rule permitting recovery for reasonable attorney fees where the parties so contract.

IT IS ACCORDINGLY ORDERED this 6th  day of November, 2007, that the plaintiff's Motion for New Trial (Dkt. No. 177) is denied; the defendant's Motions for Attorney Fees (Dkt. Nos. 179, 194) are hereby granted such that defendant is awarded $350,485.50 in fees and $112,561.86 in expenses and costs.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE